# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

# RECEIVED

**JUL 2 0 2012**

**THOMAS G. BRUTON**
**CLERK, U S. DISTRICT COURT**

*FREDERICK LEE WALKER and CLASS*

*OF INMATES AT STATEVILLE CORRECTIONAL*

*CENTER SIMULARLY SITUATED ,*
(Enter above the full name
of the plaintiff or plaintiffs in
this action)

**12 C 50 2 76**

vs.

Case No:_____
(To be supplied by the Clerk of this Court)

*SALVADOR GODINEZ , WARDEN EDWARDS,*

*MAJOR LASKET, C/O VALLE, C/O LAZARD ,*

*SERGEANT SIEVERS, LIEUTENANT*

*JURY TRIAL DEMANDED*

*BURKYBILE*

_____

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

____✓____     **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
**U.S. Code** (state, county, or municipal defendants)

_____     **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
**28 SECTION 1331 U.S. Code** (federal defendants)

_____     **OTHER** (cite statute, if known)

***BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR***
***FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.***

**I.    Plaintiff(s):**

    A.   Name: _FREDERICK LEE WALKER_

    B.   List all aliases: _Freddy Mac, and Frederick Walker_

    C.   Prisoner identification number: _B-34246_

    D.   Place of present confinement: _Pontiac C.C._

    E.   Address: _700 W. Lincoln, Pontiac, Il, 61764_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement and current address according to the above format on a separate sheet of paper.)

**II.   Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank.  Space for two additional defendants is provided in **B** and **C**.)

    A.   Defendant: _SALVADOR Godinez_

         Title: _Director of Illinois Department of Corrections_

         Place of Employment: _I.D.O.C. Headquarters at 1301 Concordia Court in Springfield Illinois._ ~~Stateville C.C.~~

    B.   Defendant: _Warden Edwards_

         Title: _Head Warden_

         Place of Employment: _Stateville C.C._

    C.   Defendant: _Major Lasket_

         Title: _Major_

         Place of Employment: _Stateville C.C._

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

Defendant : C/o Valle
Title : _____ Correctional Officer
Place of Employment : Stateville C.C.

Defendant : C/o Lazard
Title : _____ Correctional Officer
Place of Employment : Stateville C.C.

Defendant : Sergeant Sievers
Title : _____ Correctional Sergeant
Place of Employment : Stateville C.C.

Defendant : Lieutenant Burkybile
Title : _____ Correctional Lieutenant
Place if Employment : Stateville C.C.

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: _Walker et al v. Sheahan 05 C 5634_

B. Approximate date of filing lawsuit: _Sept 29, 2005_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _Class of Inmates at Cook County Jail Simalarly Situated._

D. List all defendants: _Michael Sheahan, Steve Kurtovich, Millicent Willis, Thomas Snooks, Gilbert Marchman, Munir Muhammad, Leroy Martinian, Plaxico, Brookins, Frecheta, Kaufmann, Debadier, Kampic, Gardner, Bailey, Meadows, Black, Garett, Taylor, John Does 1-100, Cook County, William Alexander, John Bailey, Michael Barton, Josh Bertels, Jeff Black, Brown, Joel Collins, Luis Cruz, Michael Pembosz, James M. Duffy, Everhart, Gavin, Giunta, Harmon, Kowaluk, Miller, Moore, Norris, Patterson, Rueda, Savala, Steadman_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _N. D. of Ill. Chicago_

F. Name of judge to whom case was assigned: _Ronald Guzman_

G. Basic claim made: _Excessive Force_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _Settled_

I. Approximate date of disposition: _2008_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

4

SECOND LAWSUIT

A. Name of case and docket number: Fredrick Walker -VS- Dart 07CV 3085 and 08-1378.

B. Approximate date of filing lawsuit: June 12, 2007.

C. All plaintiffs: Fredrick Walker.

D. List all defendants: Thomas Dart is the only Defendant I can recall at this time. I don't have any documents of this Complaint, I only have a minute entry.

E. Court in which filed: Northern District.

F. Judge case assigned to: Samuel Der-Yeghayan.

G. Basic claim made: Excessive Force.

H. Disposition: Dismissed.

I. Date of Disposition: march 7, 2008.

5

# Third Lawsuit

A. Nam of Case and docket number: Fredrick Walker -V- Charles R. parnnell, al-et.
11-726-GPM.

B. Approximate date of filing lawsuit: October 23, 2011.

C. All plantiffs: Fredrick Walker

D. List all defendants: Charles R. parnell, Dafvd Johnson, David Rednour.

E. Court in which filed: Southern District.

F. Judge case assigned to: G. patrick murphy.

G. Basic Claim made: failure to protect, inadequate disciplinary procedures,
retaliation, inadequate grievance procedures, and use of acessive force.

H. Disposition: pending review to see if I stated a claim.

I. Date of Disposition: ~~pending~~ Case is still on review to see if I
stated a claim.

Revised 9/2007

## IV. Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

<u>NATURE OF CASE</u>

(1) This is a class action lawsuit by plaintiff Frederick Lee Walker on behalf of plaintiff class of Stateville Correctional Center inmates simularly situated in connection with a longstanding, deeply embedded, persistant and widespread policy, practice, procedure, custom and usage of the failure by the prisons correctional officers, supervisors and officials to take the reasonable steps to protect the prisons inmates from other prison inmates that put them in the imminent and pervasive risk of harm including death to their persons.

(2) Plaintiff Walker brings individual claims in connection with deliberate indifference to his right to be free from inmate assault (resulting in a inmate assault to his person and serious injuries) against correctional officers, supervisors and officials done pursuant to said policy, practice, procedure, custom and usage.

(3) The plaintiff class claims seeks declaratory and injunctive relief.

(4) The plaintiff Walkers claims "individual" seek the relief of declaratory judgments, actual and punitive damages and injunctive relief.

(5) The plaintiff Walker and plaintiff class claims allege violations of their U.S. Constitutional Rights and U.S. Constitutional Rights and Illinois Constitutional

4

rights and state tort rights and International law rights.

## JURISDICTION

(6) The Court has jurisdiction over the plaintiff class and plaintiff Walkers claims of violations of their federal constitutional rights under 28 U.S.C. §§ 1331 (a) and 1343.

(7) The Court has jurisdiction over the plaintiff class and plaintiff Walkers claims of violations of International Law Rights under U.S. Constitution Art. 1, § 8, cl 10; U.S. Constitution Article 2 § 2, the Supremacy Clause of the U.S. Constitution and jurisdiction is also claimed under the general federal question provision 28 U.S.C. § 1331 and 1343.

(8) The plaintiff class and plaintiff Walker seek declaratory relief pursuant to 28 U.S.C. § 2201 and 2202

(9) The plaintiff class and plaintiff Walkers claims for injunctive relief are authorized by 28 U.S.C. §§ 2283 and 2284.

(10) The court has jurisdiction over plaintiff and plaintiff class state law claims pursuant to supplemental jurisdiction statute

## I (a)

FAILURE TO PROTECT-INDIVIDUAL LIABILITY AND DELIBERATE
INDIFFERENCE.

1) On April 27, 2012 in Stateville C.C. F. House 1 gallery cell 29 plaintiff Walker was attacked and beaten about his face and body with an unknown dangerous weapon by inmate Brady # R-28430.

2) On multiple prior occasions plaintiff Walker had communicated to defendants Warden Edwards, Major Lasket, C/o Valle, C/o Lazard, Sgt. Sievers and Lt. Burkybile that inmate Brady # R-28430 posed the serious and imminent threat and risk of serious bodily harm or death to his person yet these defendants failed to take any reasonable steps to protect plaintiff Walker from inmate Brady # R-28430, deliberately willfully maliciously and negligently.

3) As a direct and proximate cause of the above described actions and inactions of defendants plaintiff Walker suffered violations of his 8th and 14th U.S. Constitutional Amendment rights to be free from inmate assault cruel and unusual punishment and jus cogens customary International law, and or customary International law and or common law International law prohibiting tortureous, cruel, inhuman, or degrading treatment or punishment of prisoners, Sections 2 and 11 of the Constitution of the State of Illinois to be free from the infliction of intentional harm by prisons officials, and the state tort of negligence, serious injury the covering in his own blood and having

urinated and defecated on himself, reinjury to his right eye orbital bone, a fractured nose, four stitches above his right eye, an inside mouth injury requiring six stitches and other multiple contusions, swellings, lacerations to head and body pain and suffering and mental pain and suffering future pain and suffering and future mental pain and suffering.

## I (6)

MUNICIPAL LIABILITY ON ABOVE INDIVUAL FAILURE TO PROTECT CLAIM

4) On information and belief defendants Warden Edwards, Major Lasket, C/o Valle, C/o Lazard, Sgt Sievers and Lt. Burybile have engaged in several dozen or more past instances of deliberate indifference in failing to protect Stateville inmates from other Stateville inmates posing the risks of serious harms or death to their persons which constitutes a policy, practice, procedure, custom and usage of the failure to protect Stateville C.C. inmates from other Stateville inmates that though contrary to written policy is soo well established as to have the force of law. It was pursuant to this policy, practice, procedure, custom and usage that defendants failed to protect plaintiff Walker as set forth in paragraphs 1 through 3 supra and incorporated herein. The above named defendants knew of this policy practice procedure custom and usage and the serious and imminent risk of bodily harm or death it poses to the Stateville inmates and failed to take the reasonable steps to protect plaintiff Walker from the same despite the duty they owed

to him to protect him from the same rather they applied the policy, practice, procedure, custom and usage to him, failing to protect him thereby directly and proximately causing the inmate assault suffered by him described in paragraphs 1 - 3 and incorporated herein. Defendant Godinez knew or should have known of this policy practice procedure custom and usage, knew his subordinates including defendants were not taking the reasonable steps to protect the prison detainees from the same and himself deliberately maliciously willingly and negligently failed to do anything about it, encouraging, allowing, condoning, approving of, directing and acquiescing in said policy, practice, procedure, custom and usage of failing to protect Stateville C.C. inmates from other Stateville C.C. inmates.

5) Moreover the inmate assault suffered by plaintiff Walker as described in paragraphs 1 - 3 supra were directly and proximately caused by the prisonwide policy, practice, procedure, custom and usage of the Stateville C.C. officers, supervisors and officials of deliberate indifference in failing to protect Stateville C.C. inmates from other Stateville C.C. inmates posing the risks of serious harm or death to their persons alleged in paragraphs 7 through 9 of the class claim alleged infra defendants warden Edwards and Godinez knew of this policy, practice, procedure, custom and usage, knew or should have known this policy, practice, procedure, custom and usage posed the serious and imminent risk of bodily harm or death to the persons of the Stateville inmates and failed to take the reasonable steps to protect plaintiff Walker from said policy, practice, procedure, custom and usage despite the duty they owed him to protect him from

inmate assault, thereby directly and proximately causing the inmate assault suffered by him as described in paragraphs 1 - 3 supra. Defendant Godinez knew or should have known of this systematic, prisonwide, policy, practice, procedure, custom and usage, knew his subordinates including defendants were not taking the reasonable steps to protect the prison inmates from the same and himself deliberately maliciously willingly and negligently failed to do anything about it, encouraging, allowing, condoning, approving of, directing and acquiescing in said policy, practice, procedure, custom and usage of failing to protect Stateville C.C. inmates from other Stateville C.C. inmates.

6) As a direct and proximate cause of the actions and inactions of defendants and the policys, practices, procedures, customs and usages plaintiff suffered the excessive force set forth above in paragraphs 1 through 3 violations of his 8th and 14th U.S. Constitutional rights to be free from inmate assault cruel and unusual punishment and jus cogens customary International law, and or customary International law and or common law International law prohibiting tortureous, cruel, inhuman, or degrading treatment or punishment of prisoners, Sections 2 and 11 of the Constitution of the State of Illinois to be free from the infliction of intentional harm by prison officials, and the state tort of negligence, serious injury, the covering in his own blood and having urinated and defecated on himself, reinjury to his right eye orbital bone, a fractured nose, four stitches above his right eye, an inside mouth injury requiring six stitches and other multiple contusions, lacerations, swellings to head and body, pain and suffering and mental pain and suffering, future pain and suffering and future mental pain and suffering.

## II

CLASS ACTION CLAIM - SYSTEMATIC JAIL WIDE POLICY, PRACTICE, PROCEDURE, CUSTOM AND USAGE OF THE FAILURE TO PROTECT THE PRISONS INMATES FROM OTHER INMATES POSING THE SERIOUS AND IMMINENT RISK OF SERIOUS BODILY HARM OR DEATH TO THEIR PERSONS AND DELIBERATE INDIFFERENCE TO THIS RISK OF HARM.

1-6) Realleging 1 through 6 above and incorporating herein.

7) Plaintiff Class consists of all inmates incarcerated at Stateville Correctional Center. Approximately 2000 inmates, all the inmates at Stateville C.C make up the plaintiff class.

8) There is a systematic, jail wide, policy, practice, procedure, custom and usage of the failure by the prisons correctional officers, supervisors and officials to protect the prisons inmates from other prison inmates that put them in the imminent and pervasive risk of serious bodily harm or death to their persons. This policy, practice, procedure, custom and usage is soo systematic, wide spread, and pervasive within Stateville C.C. that it has become a common everyday facet of institutional life at Stateville C.C. creating an environment in which all members of plaintiff class can reasonably expect to suffer an inmate assault upon them and serious or constitutionally significant injury and death

to their persons possibly during their incarceration at Stateville C.C.. Defendants know of encourage, allow, approve of, ratify, direct, partake and acquiescence in said policy, practice, procedure, custom and usage have failed to take the reasonable steps to eliminate the policy, practice, procedure, custom and usage and rampant, pervasive risks of inmate assault in Stateville C.C. which poses a serious imminent risk of serious injury to plaintiff class members. Defendant Godinez knows of this risky systematic policy, practice, procedure, custom and usage which and the imminent risk of serious bodily injury it poses to the members of the plaintiff class, and knows his subordinates including defendants are not taking the reasonable steps to protect the members of plaintiff class, and himself is failing to do anything about it, encouraging, allowing, condoning, approving of, directing and acquiescing in said practice policy procedure custom and usage.

9) As a direct and proximate cause of the actions and inactions of defendants and the policys, practices, procedures, customs and usages plaintiff class and plaintiff have suffered violations of their and will continue to suffer violations of their 8th and 14th U.S. Constitutional rights to be free from inmate assault cruel and unusual punishment and jus cogens customary International law, and or customary International law and or common law International law prohibiting tortureous, cruel, inhuman, or degrading treatment or punishment of prisoners, Sections 2 and 11 of the Constitution of the State of

Illinois to be free from the infliction of intentional harm by prison officials, and the state tort of negligence.

### III
### CONSPIRACY TO DENY CONSTITUTIONAL RIGHTS AND RETALIATION

10) Cook County Jail and the Illinois Department of Corrections are two co-operating conspiring agencies within the Prison Industrial Complex Think Tank Conspiracy also known as the Prison Industrial Complex Think Conspiracy and the Prison Industrial Complex whom have excessively targeted plaintiff Walker for years for his many complaints and litigations within the C.C.J. and I.D.O.C. repeatedly putting him in situations where harm to his corpus and mortality was great and utilizing him as as a vehicle against the corpus of other against his will. The actions and inactions of defendants in this complaint were done to retaliate against plaintiff Walker for the exercise of his 1st Amend U.S. Const. rights and in a common plan, scheme or design to further deny him of his U.S. Const. rights to cause a chilling effect on his 1st Amend. exercise by defendants acting jointly pursuant to one or more multiple conspiracies had with each other to do the same.

11) For the reasons above the actions and inactions of defendants violated the 1st, 8th, 14th and 42 U.S.C. 1985 conspiracy claim and 42 U.S.C. 1983 conspiracy claim rights of plaintiff Walker.

**V.      Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

As to each claim declaratory relief to plaintiff Walker. As to each claim monetary damages against defendants to plaintiff Walker. As to each claim monetary punitive damages against defendants to plaintiff Walker. Injunctive relief on all federal claims protecting plaintiff Walker and plaintiff class from inmate assault. Injunctive relief protecting plaintiff Walker from retaliation from the current defendant prison industrial complex think tank conspiracy actors and their agents and employees. Attorney fees award. Cost Fees and expenses award. Interstate transfer. Any and all available relief.

**VI.      The plaintiff demands that the case be tried by a jury.**  ☒ YES      ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 25th day of June, 20 12

_____
(Signature of plaintiff or plaintiffs)

Frederick Lee Walker
(Print name)

B-34246
(I.D. Number)

pontiac Correctional Center p.o. Box 99
Pontiac, Illinois 61764
(Address)

OFFICIAL SEAL
MARK SPENCER
Notary Public    State of Illinois
My Commission Expires Aug 27, 2012

6

Fr: Frederick Walker
Register No. B-34246
Pontiac correctional center
P.O. Box 99
Pontiac, Illinois 61764

THIS CORRESPONDENCE
IS FROM AN INMATE OF
THE ILLINOIS DEPARTMENT
OF CORRECTIONS

"Legal mail"

To: Clerk of United States District
Court N.D. of Illinois western
Division 211 South court St.
Room 252
Rockford, Illinois 61101