Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50276 | **DATE** | 9/19/2012 |
| **CASE TITLE** | Frederick Lee Walker (B-34246) vs. Salvador Godinez | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff Frederick Lee Walker's second motion for leave to proceed in forma pauperis [9] is denied and the instant action is hereby ordered dismissed. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Frederick Lee Walker's (Walker) second motion for leave to proceed *in forma pauperis*. On July 31, 2012, the court denied Walker's first motion for leave to proceed *in forma pauperis* because Walker had failed to provide the court with a certified copy of his prison trust account statement, as required by 28 U.S.C. § 1915(a)(2). The court gave Walker until September 7, 2012 to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form with the required certified copy of his prison trust account statement. The court also warned Walker that if he failed to pay the filing fee or to file an accurately and properly completed *in forma pauperis* application form with the required certified copy of his prison trust account statement by September 7, 2012, the instant action would be dismissed.

On August 31, 2012, Walker submitted the instant motion. However, in his complaint, Walker failed to disclose at least one prior lawsuit that he brought in the Northern District of Illinois, case number 08 C 3466. The form Walker used to draft his complaint specifically warned Walker that failure to accurately complete the section relating to litigation history could result in dismissal of the action. In addition, case number 08 C 3466 resulted in a "strike" against Walker for the purposes of 28 U.S.C. §1915(g). Based on

| STATEMENT |
|---|
| such facts, the court finds that Walker committed fraud by failing to disclose case number 08 C 3466 in his complaint, which was a material and false omission, and it 12 C 50276 warrants immediate dismissal of the instant action.  *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011)(indicating that dismissal with prejudice is an appropriate sanction where a plaintiff is warned that failure to provide an accurate litigation history may result in dismissal and where the district court finds that a plaintiff committed fraud by making a material and false omission).  Therefore, the instant action is dismissed and the instant motion is denied as moot. |