Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50276 | **DATE** | 1/8/2013 |
| **CASE TITLE** | Frederick Lee Walker (B-34246) vs. Salvador Godinez, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for reconsideration [12] is denied. Plaintiff's motion for appointment of counsel [11] is stricken as moot.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

This matter is before the court on Plaintiff Frederick Lee Walker's (Walker) motion to reconsider and motion for an appointment of counsel. On September 28, 2012, the court dismissed the instant action because Walker had failed to disclose on his complaint form at least one prior lawsuit that he brought in the Northern District of Illinois, case number 08 C 3466. The court noted that the form Walker used to draft his complaint specifically warned Walker that failure to accurately complete the section relating to litigation history could result in dismissal of the action. In addition, case number 08 C 3466 resulted in a "strike" against Walker for the purposes of 28 U.S.C. §1915(g). The court found, based on such facts, that Walker committed fraud by failing to disclose case number 08 C 3466 in his complaint, that it was a material and false omission, and that it warranted immediate dismissal of the instant action. *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011)(indicating that dismissal with prejudice is an appropriate sanction where a plaintiff is warned that failure to provide an accurate litigation history may result in dismissal and where the district court finds that a plaintiff committed fraud by making a material and false omission). Walker requests that the court reconsider its dismissal of the instant action.

Federal Rule of Civil Procedure 59(e) (Rule 59(e)) permits parties to file, within twenty-eight days of

| STATEMENT |
|---|

the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.,* 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996). Walker argues that his failure to disclose case number 08 C 3466 in his complaint was inadvertent, and Walker claims that he does not have knowledge of the case or any information relating to the case due to his "severe mental deficiency." (Mot. 1). However, it is incumbent upon Walker to keep track of any filings that he makes in federal court. Walker has not shown that the court erred in dismissing the instant action, nor has Walker presented the court with any newly discovered evidence that Walker could not have previously provided to the court. Therefore, the motion to reconsider is denied. In addition, Walker's motion for appointment of counsel is stricken as moot.